BARTHOLOMEW *vs.* YAW.

Money which has been recovered and collected in a suit at law upon an usurious security, in which suit there was a legal defence, cannot be recovered back from the plaintiff in such suit; either at law or in equity.

Where a suit at law is brought to recover upon an usurious security, if the defendant has a legal defence, he must insist upon it in that suit; and where a discovery is necessary to establish such defence, he must file his bill of discovery and obtain an injunction to stay the suit at law until the discovery has been made; so as to enable him to use the answer on the trial at law.

THIS was an appeal from a decision of the vice chancel- April 20. lor of the eighth circuit, overruling a demurrer. The bill was filed to recover back the usurious premiums which the complainant had paid to the defendant upon a loan of $200 ; which sum had been loaned at the rate of three and a half per cent per month, in addition to the legal interest. The bill alleged that the loan was made in October, 1834, when the complainant and his sureties gave to the defendant twelve promissory notes, amounting together to the sum of $256, payable in eight months, with interest ; and that the notes were renewed from time to time, at the end of every six months, at the same usurious rate ; a part of the amount being paid at each renewal, until January, 1837. At that time twelve new notes were given, by the complainant and his sureties, amounting in the aggregate, to $266,20, payable in six months with interest. When these last notes fell due the defendant caused twelve suits to be commenced thereon before a justice, and recovered judgment for the whole amount of each note, with interest and costs, against the complainant and his sureties ; which judgments the complainant afterwards paid. The bill also stated that the original contract for the usurious loan, and all the subsequent agreements for the renewal of the notes on the same terms, were made between the complainant and the defendant when no other person was present ; so that it was impossible to prove the usury as a defence to the suits before the justice ; and that during the pendency

of those suits the present defendant was not in the county where the suits were brought, or in either of the adjoining counties.

*M. Fillmore*, for the appellant.

*M. T. Reynolds*, for the respondent.

THE CHANCELLOR. This is not a suit to recover back usurious premiums voluntarily paid, and for a discovery of the usury, under the provisions of the revised statutes on the subject. For by the computation I have made from the statements in the bill, a little more than $21 of the original loan, including legal interest, remained due when the last notes were given ; and only $245 of those notes consisted exclusively of the usurious premiums. It is evident therefore, that if the last twelve notes had not been sued and collected, there could have been no claim to recover any thing back ; the settled rule being to apply the payments made from time to time, upon an usurious security, to the satisfaction of the money loaned and the legal interest thereon. Had there been an express agreement between the parties that the payments made from time to time should be applied to the payment of the usurious premiums exclusively, or had the new notes been transferred to a bona fide assignee before they became due, so as to render the complainant and his sureties legally liable for the payment of the whole amount, under the provisions of the revised statutes then in force, a different question would have been presented. But upon the case made by the bill I can consider it in no other light than an attempt to recover back money which the defendant has recovered from the complainant and his sureties by judgments in litigated suits at law ; as to which suits they had a legal defence if they had taken the proper steps to avail themselves of it in time.

In the case of *Thompson* v. *Berry & Van Buren*, (3 *John. Ch. Rep.* 395,) in this court, Chancellor Kent de-

cided that he had no power to interfere in such a case. That the complainant, when sued at law, should have set up the usury as a defence to the suit ; and if a discovery was necessary to establish such defence, he should have filed his bill here to enable him to use the defendant's answer on the trial. In the present case, if the holder of the usurious notes had been within the jurisdiction of the court of law, he might himself have been called as a witness to prove the defence of usury, under the statute of 1837. But as he could not be procured as a witness for that purpose, the proper course for the complainant to pursue was to set up the defence of usury to the notes, and file a bill in this court for a discovery to enable him to establish such defence. Upon a bill of discovery, containing the facts now sworn to, it would have been a matter of course to grant an injunction to stay the proceedings in the suits upon the notes, until such bill was fully answered.

I regret that it is not in the power of this court to give relief in the present case, without assuming a jurisdiction which is inconsistent with settled principles. There must at some time be an end of litigation ; or suits between the same parties and in relation to the same subject matter will be interminable. A party, therefore, who has a legal defence to a suit must avail himself of it in that suit. And if a bill of discovery is necessary, he must not wait until after judgment under the expectation that he can recover back the money collected under such a judgment by the aid of this court. (*See Lansing* v. *Eddy,* 1 *John. Ch. Rep.* 49 ; *and* 3 *Atk.* 223.)

The decretal order of the vice chanceller overruling the demurrer must therefore be reversed ; and the plaintiff's bill must be dismissed with costs. But under the circumstances of this case the appellant has no claim to be allowed his costs on this appeal.