THEODORE ROLFES, Respondent, *v.* E. F. RUSSEL
AND GEORGE WOODWARD, Appellants.

Pleadings—Action for Damages for False Representations.—The essential allegations in an action to recover damages for false representations are, that the representations were *false;* that the defendant *knew* them to be false, and that they were made with *intent to defraud the plaintiff*.

Verdict—Special Findings of Fact control.—Where special findings of fact are inconsistent with the general verdict, the former must control, and judgment be given accordingly.

Appeal from Multnomah County.

The facts are stated in the opinion of the Court.

*W. S. Newberry,* for Appellant.

*Caples & Mulkey,* for Respondent.

By the Court, Prim, J.:

This is an action by a vendee against a vendor, to recover damages for false representations as to the character, quality and boundaries of a certain piece of land sold by appellants to respondent.

It is alleged in the complaint, that defendants represented the westerly line of the land sold, as extending from the bank of the Columbia River back to the hills, and running in a straight line with Rooster Rock and two certain trees, represented as witness trees; that a large quantity of high dry land would be included within said boundaries, and that a piece of improved land, with a portion of an orchard upon it, known as Sweeney's orchard, would be so included; that relying upon said representations, plaintiff bought said land of defendants, for which he paid them two hundred dollars in coin; that plaintiff took possession of said land and made improvements upon it of the value of three hundred dollars; that said representations were, and are, wholly false; that the land conveyed is almost wholly worthless, and is entirely unsuited for the purposes for which it was purchased; that by reason of the premises, the plaintiff has been damaged in the sum of six hundred dollars.

To this complaint the defendants filed a general demurrer, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, but afterwards withdrew the demurrer and interposed an answer denying each and every material allegation contained in the complaint.

The cause having been submitted to a jury, a general verdict was returned in favor of the plaintiff, and assessing his damages at three hundred and fifty dollars; and, under the direction of the court, the jury returned special findings of fact as follows:

1. That defendants falsely represented the land described in the complaint as to the boundaries, and as to the character and quality of the land contained within said boundaries;

2. That they could not agree as to whether defendants *knew* that said representations were false or not at the time made;

3. That plaintiff did rely upon said representations in making said purchase, and was induced by said false representations to make said purchase.

The defendants interposed a motion for judgment against plaintiff for costs and disbursements, notwithstanding the verdict. This motion was based upon two grounds: First. That the facts stated in the complaint were insufficient to constitute a cause of action. Second. That the verdict was insufficient to support a judgment.

This motion was overruled by the court, and a judgment rendered for the plaintiff.

From this judgment the defendants have appealed to this Court.

The motion for judgment, notwithstanding the verdict, we think was well taken, and should have been sustained upon either of the grounds upon which it was based.

It is not pretended that this action is based upon a warranty, but upon false representations, made by defendants to plaintiff, as to the character and quality of the land sold to him, by which he was induced to purchase. In fact, it is the old action on the case for deceit, and sounds in tort. The gist of this class of actions being *fraud*, in order to

maintain them it is necessary to aver and prove: 1. That the representations made were false; 2. That defendants *knew* them to be false; 3. That they were made with intent to defraud; and 4. That plaintiff, relying upon the representations, was induced to enter into the contract. (11 Wend. 374; 25 How. Pr. R. 398; 2 Estee, 422.)

In *Lord* v. *Goddard* (13 How. 211), the court, in referring to this class of actions, said: "The gist of the action is fraud in the defendants, and damage to the plaintiff. Fraud means an intention to deceive. If there was no such intention; if the party honestly stated his own opinion, *believing* at the time that he stated the *truth,* he is not liable in this form of action, although the representations turned out to be entirely untrue." The court further stated that this question had been settled in England, since the decision in *Haycraft* v. *Creasy* (2 East, 92), which was made in 1801.

In *Younger* .v. *Covell* (8 John. 23), the court said that it had been well settled "that this action could not be sustained without proving *actual fraud* in the defendant, or an intention to deceive the plaintiff by false representations. (*Holmes* v. *Clark,* 10 Iowa, 423; 32 Iowa, 367.)

By an examination of the complaint in this case, it will be seen that it does not contain any allegation that the defendants *knew* that the representations, alleged to have been made by them to the plaintiff, were false, or that said representations were made with an intention to deceive or defraud the plaintiff; nor does it contain a general allegation that said representations were fraudulent; but the only allegation contained in the complaint, on this subject, is that said representations " are and were wholly false," and the further allegation that plaintiff, relying upon the representations made, was induced to make the purchase.

Thus it will be seen, that no "scienter" is alleged in the complaint, nor is there any other fact alleged which is equivalent to such an allegation. Then, if we assume that all the facts contained in the complaint are true—as we are bound to do, on this motion—they are insufficient to sustain the action; and it is a well-settled rule of law that this objection is never waived and cannot be cured by verdict.

But it is claimed by counsel, in behalf of respondent, that this action can be maintained if it can be shown that the representations were false in relation to a material matter, notwithstanding the party making such representations had no knowledge that they were false. To sustain this position, we are referred to the case of *Bennett* v. *Judson* (21 N. Y. 238); *Stone* v. *Denny* (4 Metcalf, 151); and several other authorities. We have carefully examined several of these cases, and none of them appear to sustain this position, unless the case of *Bennett* v. *Judson* does so; and that case has in effect been overruled, or at least severely criticized, in several later decisions in the same State. The contrary doctrine is announced in the case of *Oberlander* v. *Spiegs* (45 N. Y. 175). In that case the referee did not find any actual fraudulent intent on the part of the defendants, or that they were *aware* that their statements were false. The court said: "The question, therefore, is whether a recovery can be sustained in the absence of proof that the defendants believed, or had reason to believe, that the representations were false at the time, and, for that reason, that they were fraudulently made. That such proof is necessary to a recovery, is an elementary principle." (2 Kent, 482, 489; *Atwood* v. *Small*, C. Clark & Finnelly, House of Lords Cases, 444.) The court further said that "all the confusion that has arisen upon this point has been from a misapplication of a class of cases where the party making the representations of a fact has asserted its existence, *as within his own personal knowledge*, as contradistinguished from belief or opinion. *Bennett* v. *Judson* (21 N. Y. 238), belonged to this class."

The case of *Bennett* v. *Judson* is fully commented upon and explained in *Marsh* v. *Falker* (40 N. Y. 562), and this is one of the cases reviewed, and the principle upon which it was decided pointed out. The court said that "the case of *Bennett* v. *Judson* (21 N. Y. 238), has been pressed upon the consideration of the court as an authority establishing a different doctrine; and a casual reading of it may tend, in some measure, to support that conclusion. But neither the facts upon which it was decided, nor the opinion given by

the court, will maintain that result. That was an action for damages, sustained by means of fraudulent representations made by the defendant's agent. The representations appear to have been made by the agent upon the faith of certain information derived by him, from a source apparently entitled to confidence and credit. \* \* \* But the agent went on to make the representations in such a manner and in such terms as were calculated to produce the conviction, in the mind of the purchaser, that he had personal knowledge of their truth; that, instead of being the result of information obtained by him, he had actual knowledge, acquired by ocular inspection and personal examination; that he made the statements, on which the purchaser relied, upon what he knew, as distinguished from what he had heard. This was not true, and he knew at the time it was not true; and from those circumstances the intent to deceive the purchaser could very naturally be inferred." The case of *Stone* v. *Denny* (4 Metcalf, 151), is referred to as sustaining the doctrine in *Bennett* v. *Judson*, but on examination it will be seen that it does not. The court in that case says: "When a person makes a bare representation, it is necessary to aver and prove that he *knew* the representation to be false, otherwise he is not liable in damages."

The case of *Hazard* v. *Irwin* (18 Pick. 95), is relied upon by counsel for plaintiff as sustaining *Bennett* v. *Judson*; but on examination it will be found that it does not. In that case Shaw, C. J., said: "We take it to be a well-settled rule that in the case of a *false* and *fraudulent* representation by a vendor, in matters of fact, within his own knowledge, or which he affirms to be within his own knowledge, not as to matters of opinion, judgment, probability, or expectation; in a matter essentially affecting the interests of the other party; a matter in which he reposes confidence in such affirmation, and is, in fact, deceived by it, the party thus deceived by it may repudiate and rescind the contract, at his election."

In the light of the numerous authorities referred to in this case, we are satisfied that the complaint does not contain facts sufficient to constitute a cause of action, and,

therefore, the motion of defendants for judgment should have been sustained upon this ground.

I will now pass to the consideration of the other branch of the motion, based upon the proposition of the insufficiency of the verdict to sustain the judgment.

The jury having failed to agree upon the question submitted to them, as to whether the defendants *knew* that certain representations made to plaintiff in regard to the character and quality of the land were false, it must be treated as though they had found on that issue in the negative.

For the purposes of this motion, the special findings of fact should be considered as having the same legal effect as if they had been written out in full, as follows: "We find, 1st, that defendants falsely represented the character and quality of land mentioned in the complaint; 2d, that plaintiff relying upon said false representations, was induced to make the purchase; 3d, that defendants had *no knowledge* that said representations were false when made.

Thus it will be seen that the special findings of fact are inconsistent with the general verdict; and under the provision of the statute, they must control the general verdict, and the court should have given judgment accordingly. (Civ. Code, § 213.)

According to the special findings, defendants made false representations upon which plaintiff relied, and by which he was induced to make the purchase; but defendants having *no knowledge* that said representations were false at the time made, could not have intended any fraud upon plaintiff.

As has already been seen, representations must not only be false, but fraudulent, to maintain this action, and the rule applies with equal force to the verdict.

The facts contained in the special findings being insufficient to support the judgment, the motion of defendants for judgment should have been sustained upon this ground.

The court below having committed error in overruling the motion of defendants for judgment, the judgment should be reversed.