Neilson, Ch. J.
We are of opinion that upon the evidence the jury were justified in finding that the two loans by Washington Ritter to the defendant were made under and in pursuance of the corrupt and usurious agreements alleged. But notwithstanding the fourth finding of the jury, we regard the judgment in satisfaction of which the bond in suit was given, as putting an end to any defense that might have been interposed by reason of the prior contracts. The judgment was obtained in the usual course, upon the summons and complaint duly served. The arrangement under which that suit was brought and the judgment obtained, was not in and of itself usurious or in contemplation of further violations of the statute, but, at most, was intended to silence complaints as to the past and place the rights of the parties upon a proper basis. The defendant might have contested the claim in that suit on the ground of usury, but made his election not to do so.
Under the circumstances, we think he is concluded *51 by that election. No application was made by him in that action to be relieved in respect to that judgment.
The other branch of the defense goes to the right of the plaintiff to prosecute the action. He was an attorney and counselor at law when he obtained the bond' on which the action was brought. The jury have found that he purchased it “with intent and for the purpose of bringing a suit thereon,” and consequently contrary to the statute. We think that the proof of that was quite sufficient.
We are not inclined to extend the. statutory prohibition beyond the spirit and terms of the act or of the construction given to it by the adjudications. An attorney is to be protected when he makes such a purchase for a legitimate purpose, as, for instance, to protect his interests in property on which the claim maybe a prior lien, or to protect himself as a creditor. In the absence of the mischievous intent and purpose reprobated by the statute, the purchase is harmless.
The question raised by the exception to directions given on the coming in of the jury for specific instruction is earnestly pressed on our attention by the plaintiff. The jury wished to learn whether, if the plaintiff’s intention was to sue the bond in a certain contingency, that would be a violation of the statute. The learned judge answered that inquiry in the affirmative.
The point is thus sharply presented, whether, to bring a case within the evil against which the legislature intended to guard, the purchase must be made by an attorney for the sole, simple or naked purpose, of bringing a suit thereon. Contingencies, anticipated or not, may well attend every purchase of the kind. The attorney may intend to bring his action unless payment within a reasonable time be made, or if the debtor persists in carrying out an avowed purpose of disposing of his property, or of removing from the State, or if he refuse to retire from an election in which both he and *52 the attorney are rival candidates. We apprehend that the existence of any such contingency qualifying the intent with which the attorney makes the purchase would not take the case out of the statute. He may buy the claim with the objectionable intent and purpose, and that intent and purpose may characterize the act, however many other possibilities may attach; the contingency is a mere incident. If the intent and purpose must be absolute and unqualified, it would be easy to evade the statute by conjuring up or attaching contingencies, and the attorney might purchase claims, bring suits, and inflict costs upon the debtor without restraint. In this instance, the'jury have found that the bond was purchased with the intent charged.
The instructions given to the jury must have helped them to a proper understanding of the questions submitted, and were, it seems to us, correct.
The judgment and orders appealed from should be affirmed.
At a later day the counsel attended, and were heard as to the question of costs, arising on the stipulation.
Neilson, Ch. J.
As we construe and understand that stipulation, costs of the appeal were to be allowed in an event which has not' happened. But on the determination which we have made, judgment of affirmance was to be entered, but the stipulation is silent as to costs. We think that the attorneys by their special arrangement have determined the question, and that no costs of this appeal should be allowed to the prevailing party.
McCue, J., concurred.