Barnard, P. J.
This case does not fall within the case of Paine v. Upton (87 N. Y., 327). In that case there was a representation preliminary to the negotiation that the farm contained 222 acres and upwards. The description of the lands when the deed came to be given was accompanied by the addition of the words “ more or less ” to the number of 222 acres. The court held that under the findings of fact, equity could give relief against the mutual mistake of the parties, and that the words more or less, did not take away the right to such relief. In this case there was no representation of quantity beyond the description as stated in the old deed, and which ended with the words “ containing thirty-one acres, be the same, more or less.”
*642 There were hand bills posted by the referee announcing the sale of the farm of the deceased, George Dennerlein, “ containing thirty-one acres.” At the sale the full description was read, giving monuments, metes and bounds, and the property was sold by this description and a lump sum paid therefor There was no misrepresentation or fraud, and the case of The Morris Canal Co. v. Emmett (9 Paige, 167), lays down the rule which governs the case.
The case of Faure v. Martin (3 Seld., 210), holds that a sale of lands, stating the number of acres, “be the same, more or less,” at a fixed price, is a sale in bulk, and that the quantity is not warranted to be as stated.
The point that there was no publication of a notice for liens, has no weight. There is no proof of any general or specific lien, and the court has, by the decree, directed the payment of the entire proceeds of this sale to the executors, and there is no claim that there is not sufficient to pay the debts of the deceased.
The order should, therefore, be affirmed, with costs.
Pratt, J.,