[Filed January 6, 1891.]

## W. S. BRITT *v.* SAMUEL MARKS ET AL.

VENDOR AND VENDEE—FRAUD.—In a suit by a vendee against a vendor, in which fraud is relied upon as the ground of relief, it must appear from the complaint, among other things, that the vendor knew that the representations relied upon were untrue, and that they were made with the intent to defraud the plaintiff. *Rolfes* v. *Russell*, 5 Or. 400, and *Dunning* v. *Cresson*, 6 Or. 241, approved and followed.

VENDOR AND VENDEE.—SALE IN GROSS.—Where a tract of land is sold for a sum in gross, and not by the acre, and the quantity stated is qualified by the words "more or less," there is no warranty of the quantity, and there can be no abatement if the number of acres is less than stated, nor compensation allowed for any excess.

Douglas county: R. S. BEAN, Judge.

Plaintiff appeals.  Affirmed.

This suit was commenced on the 11th day of April, 1889. The complaint in substance alleges: That on the 9th day of November, 1883, the defendant, S. Marks, fraudulently and falsely represented and told the plaintiff that a certain farm contained 169.09 acres, and thereby induced plaintiff to purchase the same from defendants; and plaintiff, not knowing how much land the said farm did contain, and relying on the statements and representations of said Marks, did purchase said farm from defendants and paid therefor the sum of $1,700; that the farm contained only 141.01 acres instead of 169.09 acres, the quantity sold to plaintiff; that plaintiff was damaged $282.20 thereby; that on said 9th of November, 1883, plaintiff paid defendants $600 cash and gave his note for the balance, $1,100, and a mortgage on said farm to secure the same; that plaintiff gave his note to defendants on the 13th of June, 1885, for $151, and on the 23d of July, 1886, for $50; that there was no consideration for the note of $1,100 except the balance of the purchase price of said farm, which balance in fact was only $817.80, and not $1,100, and it was by reason of the mistake as to the amount of land in said farm that the note was given for $1,100 instead of $817.80, the correct amount and the amount intended; that plaintiff has paid on note for $1,100: December 18, 1883, $700; October 18, 1884, $100; November 9, 1885, $30; November 18, 1885, $100; April 16, 1887, $50, and upon note for $151, November 28, 1885, $100; that

defendants still retain said three notes in their possession, and on April 2, 1889, plaintiff offered to pay them $50 in addition to what had been paid and requested them to deliver up said notes, which they refused.

Plaintiff prays that the defendants be enjoined from transferring said notes; that $282.80 be deducted from the note for $1,100 at its date, and that an account be taken between the plaintiff and said defendants of such sum as may be due them, and that said notes be delivered up, together with said mortgage, for cancellation and for general relief.

The answer denies each material allegation of the complaint. The answer then contains this further and separate defense: That on November 9, 1883, for $1,700, defendants by deed conveyed to plaintiff the following-described premises, to-wit: East half of the donation claim of John W. Burch, which entire claim is there described (giving the courses and distances, but not the number of acres contained), also the northwest part of the donation claim of A. J. Tiller (giving commencing corners and courses and distances, but not the number of acres contained), reserving from said lands so conveyed that certain parcel of land heretofore sold by J. R. Jennings to Ezekiel Lyttle, which deed is referred to in deed of defendants as recorded in Douglas county, Oregon, which land, it is said in defendants' deed, comprises all of the donation claim of J. W. Burch, lying on the north side of Cow creek, and was dated May 23, 1863; that said deed of defendants to plaintiff does not mention the number of acres intended to be conveyed, and was so understood between the plaintiff and defendants at the time; that plaintiff has ever since been in possession of the whole of said property, which is the same land referred to in plaintiff's complaint.

The reply denies that the donation claim of Burch is described in plaintiff's deed, and alleges that it is described as follows (giving courses and distances): Containing in township 30 south, range 6 west, 221.18 acres, and in township 30 south, range 5 west, 97 acres; also the northwest part

of land claim of A. J. Tiller (giving courses and distances), containing 60 acres, more or less, reserving from the above-described premises and not herein conveyed, that certain 50 acres heretofore sold by J. R. Jennings and wife to Ezekiel Lyttle, comprising all the claim of Burch on the north side of Cow creek; denies that the deed from defendants to plaintiff is without mention of the number of acres intended to be conveyed, but alleges that said deed does mention that the Burch claim contains 318.18 acres, and the east half is 159.09 acres and, except 50 acres, is 109.09 acres; denies that defendants delivered possession to plaintiff of all the lands intended to be conveyed, but alleges that it was expressly stated by S. Marks, and so understood by plaintiff and defendants at the time the deed was executed, that the east half of the claim on the south of Cow creek contained 109.09 acres, and the whole of said farm contained 169.09 acres, when in fact the east half of said claim south of Cow creek contained only 81.01 acres, and the whole of said farm contained only 141.01 acres.

Upon these issues the court below tried the case and rendered a decree against the plaintiff dismissing the suit, from which he has appealed to this court.

*Wm. R. Willis,* for Appellant.

The plaintiff is entitled to an abatement from the purchase money in proportion to the deficiency of the number of acres of land. See Sugden on Vendors, bottom of page 324 and top of page 489, where it is said: "(1) If an estate be sold at so much per acre, and there is a deficiency in the number of acres conveyed, the purchaser will be entitled to compensation, although the estate was estimated at that number in an old survey. (2) The rule is the same, though the land is neither bought nor sold professedly by the acre. The general rule therefor is that where a misrepresentation is made as to the quantity, though innocently, the right of the purchaser is to have what the vendor can give, with an abatement for so much as the quantity falls short." (*Hill*

XX OR.—15.

v. *Buckley*, 17 Ves. 395.) In *Howk* v. *Pollard*, 6 Blackf. 108, it was said: "If the tracts do not contain the number of acres which the vendor represented them to contain, the defendant is entitled to an abatement out of the purchase money for so much as the quantity falls short of the representation." So in *Triplett* v. *Allen*, 26 Gratt. 721, 21 Am. Rep. 320, the defendant agreed to sell the plaintiff a tract of land "containing 166 acres." The deed made pursuant thereto purported to convey that amount, more or less, but there was in fact only 156 acres. It was held that the purchaser was entitled to compensation for the deficiency. (*Hodges* v. *Denny*, 5 S. R. P. 492; *Thomas* v. *Beebe*, 25 N. Y. 244; *Mulvey* v. *King*, 39 Ohio St. 491; *Anderson* v. *Snyder*, 21 W. Va. 632; *Moses* v. *Wallace*, 7 Lea, 431; *Doyle* v. *Hord*, 67 Tex. 621, 4 S. W. Rep. 241; *Ledbetter* v. *Davis*, 121 Ind. 119, 22 N. E. Rep. 744.)

And if relief be sought on the ground of fraud, it may be granted on the ground of mutual mistake. (*Hood* v. *Smith*, 79 Iowa, 621, 44 N. W. Rep. 903; *Sweezy* v. *Collins*, 36 Iowa, 589; *Seegar* v. *Smith*, 78 Ga. 616, 3 S. E. Rep. 613.)

And it is immaterial whether the defendants knew the representations made by them were false or not. (Cooley on Torts, *498; *Holcomb* v. *Nobles*, 69 Mich. 396, 37 N. W. Rep. 497; *Stimson* v. *Helps et al.* 9 Colo. 33; *Molher* v. *Cardin*, 73 Iowa, 58, 35 N. W. Rep. 647.)

When the owner sells he is presumed to know whether the representations which he makes are true or false. (*Lynch* v. *Trust Co.* 18 Fed. Rep. 486; *Smith* v. *Richards*, 13 Pet. 26.)

*Hamilton & Hamilton*, and *Lane & Lane*, for Respondent.

The complaint charges Marks with making the fraudulent representations. In such case one tenant in common cannot bind his co-tenant. (Freeman on Co-tenancy, §§ 169, 170; *White* v. *Sawyer*, 16 Gray, 588; *Sherwood* v. *Marwick*, 5 Greene, 295; Cooley on Torts, § 169, note 3.)

The complaint fails to show that the defendant knew the representations to be false. (*Rolfes* v. *Russell*, 5 Or. 400.)

This land was sold in gross and not by the acre, and the boundaries of the tract were given. In such case there is

no warranty of quantity, and there can be no abatement if the number of acres is less than that stated nor compensation allowed for any excess. (2 Sutherland on Dam. 250, note 2; *Noble* v. *Googins*, 99 Mass. 231; *Marvin* v. *Bennett*, 8 Paige, 312; *Morris Canal Co.* v. *Emmett*, 9 Paige, 167, 37 Am. Dec. 388; *Powell* v. *Clark*, 4 Mass. 355, 4 Am. Dec. 67.)

STRAHAN, C. J.— 1. It is nowhere alleged in the complaint that at the time Marks made the representations complained of he knew that the farm did not contain 169.09 acres, or that they were made with the intent to defraud the plaintiff. By omitting these allegations, the plaintiff fails to make a case in his complaint which would entitle him to any relief on the ground of fraud. (*Rolfes* v. *Russell*, 5 Or. 400; *Dunning* v. *Cresson*, 6 Or. 241.)

2. But the plaintiff's counsel argued that mistake is alleged in the complaint and that of itself is sufficient to entitle the plaintiff to relief. Waiving all questions as to the insufficiency of the pleading on this point, we will proceed to examine the facts briefly. The plaintiff holds under a deed from Marks and Wollenberg and wife, dated the 9th of November, 1883. The consideration expressed in the deed is seventeen hundred dollars. The premises conveyed are described as follows: "The east half of that certain donation land claim of John W. Burch, which entire donation claim is described as commencing at a point 6.14 chains west and 22.30 chains south from the corner of sections 24 and 25 in T. 30 S., R. 6 west (claim No. 61); thence east 23 chains; thence north 58.50 chains; thence west 74 chains; thence south 36.20 chains; thence east 50.80 chains; thence south 22.30 chains, to the place of beginning, containing in township 30 S., R. 6 west, 221.18 acres, and in township 30 S., R. 5 west, 97 acres. Also the north part of the donation land claim of A. J. Tiller, commencing 20.63 chains south and 7.16 east from the northwest corner of section 30 in township 30 S., R. 5 west; thence running east 29.50 chains; thence south 20.34 chains; thence west 29.50 chains; thence north 24.30 chains, to the place of beginning,

containing 60 acres, more or less—reserving and excepting from the above-described premises and not herein conveyed that certain fifty acres heretofore sold by J. R. Jennings and wife to Ezekiel Lyttle, which said deed therefor is recorded in volume No. 2 of deeds, page 599, in the clerk's office of Douglas county, Oregon, and which land so excepted from this conveyance comprises all of the land of the said donation land claim of J. W. Burch lying and being on the north side of Cow creek, which said deed is dated May 23, 1863." This deed contained general covenants of warranty, but does not specify the amount of land conveyed. The deed of Jennings and wife referred to conveys to Lyttle "all of the land belonging to the donation land claim of John Wesley Burch lying on the north side of Cow creek, containing fifty acres, more or less." Marks and Wollenburg, by the reference which they make to this last-named deed in their deed to the plaintiff, have made its descriptive words a part of their deed as completely as if they were written out at large in such deed; so that the plaintiff was bound to know that all of that part of the Burch claim north of Cow creek was conveyed away. The descriptive words in no manner fix the amount. Whatever may have been the plaintiff's impression as to the amount of land contained in the farm purchased from Marks and Wollenburg, his own evidence shows that it was a purchase of the farm in gross and not by the acre. "Question—What did you agree to pay him for this farm? Answer—I went and looked at the farm and wrote him that I would give him $1,700 for the farm." These facts clearly bring this case within the principle that where a tract of land is sold for a sum in gross and not by the acre, and the quantity stated is qualified by the words "more or less," there is no warranty of quantity and there can be no abatement if the number of acres is less than stated, nor compensation allowed for any excess. (2 Sutherland on Damages, 250, and authorities cited in note 2; *Noble* v. *Googins*, 99 Mass. 231; *Morris Canal Co.* v. *Emmett*, 9 Paige, 167, 37 Am. Dec. 388;

*Board of Com.* v. *Younger,* 29 Cal. 172; *Cram* v. *Union Bank,* 42 Barb. 426; 2 Warvell on Vendors, 925.)

These authorities effectually dispose of the appellant's contention and require the affirmance of the decree appealed from, and it is so ordered.

BEAN, J., did not sit here, having presided in the court below.