procured the sale to him of this property for $15,000, whereby the defendants and some persons associated with them in the transaction made $5,000. Irish took the property, made some improvements thereon, and left it in charge of the defendants as his agents, for a time, and went away, he living in Canada. Afterwards, wanting money, he proposed to sell to the defendants the same property. They, in concert with another real estate agent, found a purchaser for the property at $24,000, and the defendants, without informing Irish of this fact, bought the property of Irish, giving him what he had paid for it, with interest and certain expenditures he had made upon the property, amounting in all to $17,500, and they then sold to the other party the same property for the $24,000, and after paying an associate in the business $1,000 the defendants realized from the transaction $5,500, making the total amount they had received in operating on both sides of Mr. Irish, $9,500.

There was evidence to justify the jury in finding these facts, and they rendered a verdict against the defendants for only $2,000, which defendants seek to set aside on exceptions to the refusal to nonsuit and a refusal to direct a verdict for defendants, and to certain portions of the charge. None of the exceptions has merit, and the judgment should be affirmed.

LEWIS, BRADLEY and WERNER, JJ., concurred.

Judgment affirmed. _____

GEORGE F. TILLOTSON, Appellant, *v.* ALVIN E. NYE and JOHN V. HARTTER, Respondents.

*Complaint stating no cause of action, dismissal of — compound interest — defense of usury.*

Where a complaint fails to allege a cause of action a motion to dismiss the same, made on the opening of the trial, should be granted.

When a borrower has compounded the interest, a promise by him to pay such compound interest is valid and binding if supported by a consideration.

If the defense of usury exists to a mortgage such defense should be interposed in the action brought to foreclose the same.

APPEAL by the plaintiff, George F. Tillotson, from a judgment of the Supreme Court in favor of the defendants, entered in the

office of the clerk of the county of Monroe on the 20th day of December, 1894, upon the decision of the court rendered at the Monroe Equity Term, dismissing the plaintiff's complaint, with notice of an intention to bring up for review upon such appeal said judgment, and an order made at the Monroe Equity Term on the 9th day of December, 1894, and entered in said clerk's office dismissing the complaint.

The action was brought to obtain an adjudication that certain mortgages made by the plaintiff to the defendant Alvin E. Nye be set aside on the ground that they were usurious.

*W. E. Edmonds,* for the appellant.

*W. A. Sutherland,* for the respondents.

WARD, J. :

The judgment in this case dismissed the complaint "on the opening," with costs. What the opening was does not appear in the papers before us, but the counsel seemed to assume upon the argument that the complaint was dismissed because it did not allege a cause of action, and, if it did not, the appellant's counsel admitted the judgment should be sustained. In such a case a motion to dismiss the complaint on the opening is proper. (*Sheridan* v. *Jackson,* 72 N. Y. 170.)

The complaint set forth the giving of three mortgages; the second mortgage embraced certain items of interest that had accrued on the first mortgage with the interest computed on the accrued interest, or what is usually termed compound interest.

Upon the execution of the second mortgage the first mortgage was satisfied and discharged.

The third mortgage contained, with other considerations, an amount of compound interest which was computed on the accrued interest of the second mortgage. Upon the last two mortgages an action of foreclosure was instituted in the County Court of Monroe county, in which the plaintiff was made a party. He did not defend the action, but attended the sale and forbade it.

Compounding the interest and promising to pay it by the borrower is valid and binding if supported by a consideration. (*Young* v. *Hill,* 67 N. Y. 162.)

The complaint shows a consideration for each mortgage. The ground of this action is that the mortgages are void for usury on account of the compound interest inserted therein and should be set aside, but the complaint does not allege any fact which would constitute usury or make the mortgages void. Besides, if the defense of usury existed to these mortgages it should have been interposed in the action in which the mortgages were foreclosed. (*Bartholomew* v. *Yaw*, 9 Paige, 165; *Moses* v. *McDivitt*, 2 Abb. N. C. 47; *Thompson* v. *Berry*, 3 Johns. Ch. *395; affd., 17 Johns. 436; *Vilas* v. *Jones*, 1 N. Y. 274.)

If the foreclosure had been defeated for usury in the mortgages the judgment in that action would have amounted to the destruction of the mortgages and been available as a defense whenever an attempt should be made to enforce them.

The judgment should be affirmed, with costs.

LEWIS, BRADLEY and WERNER, JJ., concurred.

Judgment affirmed, with costs.

---

JEANNIE T. HARD, Appellant, *v.* CHARLES O. ASHLEY and Others, Respondents.

88h 103
53ad 107
88h 103
167a 168

*Lost will — may be proved by a single witness — not by estoppel — its existence never assumed — presumption of its destruction animo revocandi — burden of proof.*

The proof of a lost will is necessarily secondary, and the law accepts the best evidence that the nature of the case admits of as to its valid execution and contents.

In an action brought to partition the property of a decedent among his heirs, where the defendants claim under an alleged will of the deceased which deprives the plaintiff of any interest in the property, they may establish the will, if it be lost, by the testimony of a single credible witness, but they must show that the will was executed with all the formalities required by the statute and that the testator was of sound mind and under no restraint.

The proof needed to establish a lost will or to show its contents by parol evidence cannot be worked out by way of estoppel, based on the sustained objection of the opposing party to evidence offered in regard to the same.

The destruction of the will of another person without authority is a crime, and a party will not be convicted of such an act upon suspicion or surmise, but only upon substantial proof thereof. The law never assumes a will to have existence in the absence of proof of that fact.