Argued November 14, decided December 2, 1913.

## COBB *v.* PETERS.

(136 Pac. 656.)

**Appeal and Error—Review—Theory of Cause.**

1. Where the attorneys for both parties and the court have tried the case on the theory that it was an action for false representations, the Supreme Court will not consider any other theory.

**Fraud—Pleading—Complaint.**

2. A complaint for false representations must plead that the representations were false, that the defendant knew them to be false, that they were made with intent to defraud, and that the parties seeking relief believed and relied upon them, to their damage.

**Fraud—Issues and Proof—Theory of Cause.**

3. Where the case was tried by the attorneys for both parties and the court as an action for false representations, a recovery cannot be sustained on the theory of want of consideration for a sale.

**Judgment—Conclusiveness—Matters Concluded.**

4. In an action for false representations as to land conveyed by a third party to plaintiffs, the judgment-roll, in an action against the

third party, in which it was adjudged that such party's title papers were forgeries, is competent evidence that the third party had not title to convey to plaintiffs, though the present defendants were not parties to the former suit.

From Multnomah: Henry E. McGinn, Judge.

Department 2.    Statement by Mr. Justice Eakin.

This is an action by James A. Cobb and F. C. Dillingham against J. Peters and Daisy Peters to recover from the defendants $2,100, the alleged value of certain goods sold by plaintiffs to defendants. It is alleged:

"II.   That on or about the 9th day of February, 1911, the defendants conspired with one James F. Roth to defraud the plaintiffs out of a stock of groceries, fixtures, team, and delivery wagon, owned by said plaintiffs * * by falsely and fraudulently representing to said plaintiff that James F. Roth was the owner in fee simple of a certain timber claim situate in Douglas County, Oregon, and offering to trade said timber claim to said plaintiffs for their stock of groceries, fixtures, team, and delivery wagon * * invoiced at $2,100.

"III.   That J. Peters, one of the above-named defendants herein, offered an unfinished house at Hood River, Oregon, or the above-described timber claim to the plaintiff, at an even trade for the said stock of groceries, fixtures, team, and delivery wagon; that said plaintiffs decided to take the timber claim, and the deal was consummated, plaintiffs taking said above-described timber claim for their stock of groceries, fixtures, team, and delivery wagon. * *

"VII.   That on the —— day of April, 1911, it developed that James F. Roth never had title to the timber claim above described and set forth that had been traded to these plaintiffs for their stock of groceries, fixtures, team, and delivery wagon; that all the deeds and papers passing title to said James F. Roth had been rank forgeries, and that said title was in Mr. Geo. E. Dunn and Mrs. M. H. Lott, of the state

of Kansas; that the plaintiffs had been swindled and defrauded out of their stock of groceries, fixtures, team, and delivery wagon."

The answer denies generally each and every allegation of the complaint, except those expressly admitted, and affirmatively pleads the facts of the transaction as claimed by defendants. There was judgment for plaintiffs and defendants appeal.      Reversed.

For appellants there was a brief over the names of *Mr. Walter G. Hayes* and *Messrs. Malarkey, Seabrook & Dibble,* with oral arguments by *Mr. Hayes* and *Mr. Arthur M. Dibble.*

For respondents there was a brief over the names of *Mr. Ernest R. Ringo* and *Mr. E. C. Geeslin,* with an oral argument by *Mr. Ringo.*

Mr. Justice Eakin delivered the opinion of the court.

1–3. Both plaintiffs and defendants have treated the action as one to recover damages for false representations. The attorneys and court tried the case on that theory, and we cannot consider any other on this appeal. The complaint fails to state facts sufficient to establish a liability against the defendants for false representations. In such a case it is necessary to plead that the representations were false, that the defendant knew them to be false, that they were made with intent to defraud, and that the parties seeking relief therefrom believed and relied upon such representations, and were misled, to their damage: *Bailey* v. *Frazier,* 62 Or. 142 (124 Pac. 643); *Anderson* v. *Adams,* 43 Or. 621 (74 Pac. 215); *Martin* v. *Eagle Development Co.,* 41 Or. 448 (69 Pac. 216); *Britt* v. *Marks,* 20 Or. 223 (25 Pac. 636). There was no allegation that defendants knew the representations were

false, nor that plaintiffs believed them to be true, or acted upon them, to their damage, which is fatal to plaintiffs' cause of action based upon false representations. Plaintiffs have failed, both in the pleadings and in the proof, to make a case upon that theory. While there is testimony to show a want of consideration for the sale, yet that is not the cause of the action relied upon by plaintiffs. They must recover, if at all, upon the cause of action made by the pleadings, and therefore the judgment must be reversed.

4. One other question should be considered, as the case will be remanded for further proceedings. Defendants contend that the court committed error in admitting in evidence the transcript of the judgment-roll in the case of *Dunn & Lott v. Roth et al.,* for the reason that the defendant J. Peters was not a party to the suit, and therefore not bound by the decree. Of course, he was not bound by it as to any interest he might have had in the land; but, as he had none, he could not have been a proper party to the suit. The complaint in that suit charged that there was a deed on record purporting to be executed by Dunn & Lott to Roth, but that Dunn & Lott did not sign a deed, and that their names were forged thereto. Roth was a party to the suit, and made default, thereby confessing the complaint. The decree to that effect is conclusive of the facts decreed as to Roth and his grantees, if parties to the suit, and therefore Roth's deed to plaintiffs conveyed no title. The decree was competent evidence of the fact that Roth had no title to the land when he conveyed it to plaintiff, and it is conclusive against the plaintiffs. There was no question of estoppel involved, and therefore no necessity to plead one. The decree was simply evidence of the failure of the title in the plaintiff.

68 Or.—2

The judgment of the lower court is reversed and the cause remanded for further proceedings.

Reversed.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McNary concur.