(No. 6172.   May 9, 1935.)

CONTINENTAL LIFE INSURANCE COMPANY, a Corporation, Respondent, v. J. D. MURPHY, Appellant.

[44 Pac. (2d) 1112.]

A. S. Dickinson, for Appellant.

574

J. H. Andersen, for Respondent.

MORGAN, J.—September 11, 1930, appellant and respondent entered into a written contract whereby the latter agreed to sell, and the former agreed to buy, for $1,600, a tract of land in Bingham County, described by metes and bounds, no mention being made of the number of acres or the price per acre. There was paid $100 of the purchase price at the time of the execution. of the contract and $300 December 13, 1930. The interest payment of $49.50, due December 1, 1931, was paid March 7, 1932. The contract provided for payments on the principal of $200 December first of each year, from 1932 to 1937, inclusive, together with interest on deferred payments at the rate of 6 per cent per annum from January 1, 1931.

Appellant had the privilege of paying all or any part of the purchase price at any time during the life of the contract. He was to pay all taxes and assessments levied against the land and water stock appurtenant thereto for 1931 and thereafter. Respondent agreed that upon faithful

performance of the contract by appellant it would execute and deliver a deed conveying the land to him. It was provided that time should be of the essence of the contract, and if appellant should fail to comply with any of the terms thereof respondent might, at its option, without notice, terminate the agreement and all payments theretofore made should be retained as the rental value of the premises.

Subsequent to the execution of the contract the dwelling house on the land was destroyed by fire and $1,000 insurance was collected therefor, which was paid to respondent. $250 of this money was turned over by respondent to appellant for the purpose of assisting in building a new house and, by agreement between them, $750 was applied on the purchase price of the land. As evidence of the understanding and agreement of the parties as to how this $750 should be credited, the following letter from respondent to appellant was introduced:

"CONTINENTAL LIFE INSURANCE COMPANY.
"Home Office—St. Louis.
"August 10, 1931.

"Mr. J. D. Murphy,
    Blackfoot, Idaho.
Dear Mr. Murphy:—
                    Re: Your C. of S. #225.
We have credited the $750.00 balance of insurance check received on account of the recent fire loss to the principal of your account, and you may hold this letter as your receipt therefor.
                    Yours very truly,
                    RALPH HOWARD,
CMS.                    Assistant Secretary."

No other payment of principal or interest was made, but appellant tendered $29.10 to respondent, being the amount he contends he still owes. The tender was rejected.

It is alleged in the cross-complaint that the land was represented to appellant by an agent of respondent to consist of 50 acres, and that the tract is but 38.91 acres.

He insists he is entitled to diminution of the purchase price because of this discrepancy, whereby the $29.10, tendered by him, is all that remains unpaid. The evidence shows there is but 38.91 acres of the land. In describing it in the contract the northerly boundary is stated as meandering the left bank of Snake River. The discrepancy between the 38.91 acres of the tract and 50 acres, which appellant understood it to be, arises from the fact that in the description the distance between the point of beginning and the left bank of Snake River is shorter than is stated in the contract, and the loss of land is probably due to erosion.

Appellant, in his cross-complaint, pleaded fraud on the part of respondent in procuring him to enter into the contract, by knowingly and intentionally representing to him, and deceiving him into believing, the tract consisted of 50 acres, when in fact it was but 38.91 acres. In the alternative he pleaded mutual mistake with respect to the same matter. The allegations of the cross-complaint were denied by respondent. There was no evidence introduced tending to establish fraud, and the only proof tending to show mistake on the part of respondent was testimony that its agent stated to one Stewart, in appellant's hearing, with respect to the land: ''Sell him (appellant) the 50 acres.''

The sale was in gross, not by the acre, and appellant is not entitled to diminution of the purchase price. It is said in 66 C. J. 660, sec. 216:

''A contract for the sale of a specified tract of land for a lump sum, without any specification as to the quantity of land contained in such tract, is a contract for a sale in gross, and does not bind the vendor for any particular quantity, notwithstanding both parties may have thought the quantity to be greater than it was.''

See, also, 66 C. J. 662, sec. 218; *Britt v. Marks,* 20 Or. 223, 25 Pac. 636; *Hyde v. Phillips,* 61 Wash. 314, 112 Pac. 257; *Harding v. Robinson,* 175 Cal. 534, 166 Pac. 808; *Nelson v. Colton,* 36 Cal. App. 69, 171 Pac. 701.

Appellant contends he was entitled to have the $750 insurance money applied first toward the payment of in-

terest and then toward the payment of installments of principal next falling due and, if so applied, nothing was due from him to respondent at the time of the commencement of the suit. Respondent contends the insurance money was held by it as a part of its security in lieu of the house which had been destroyed, and that the $750 was applicable to the payment of the last of the purchase price. The trial judge found the $750 should be applied to the payment of principal installments of the contract first falling due. In this the judge was right, for respondent's letter of August 10, 1931, shows the $750 had been credited to the payment of principal and appellant made no objection to it having been so applied. Furthermore, at the time of its application, no interest payment was due. Whether respondent is right in its contention that it might have held the money as security until the debt was so reduced that the application of the $750 would extinguish it is immaterial. Its letter of August 10, 1931, shows it did not elect to hold the money as security, but applied it toward the payment of the principal of the debt.

Appellant was not in default in the payment of principal at the time of commencement of suit, but he had defaulted in the payment of interest when due, giving respondent the right to declare a forfeiture of the contract. The trial judge also found that appellant had defaulted in the payment of taxes. This finding, and the conclusion of law and portion of the decree which are predicated on it, are unsupported by pleading or evidence.

In the decree it is adjudged that the contract be and is canceled and held for naught; that the title to the property therein described is quieted in respondent, and that it is the owner thereof free from all claims of appellant, subject, however, to the right of appellant to redeem the property and continue in possession of it if, within sixty days from the date of the decree, he shall have paid to respondent $54 adjudged to be due and unpaid as interest, and $100 as attorney's fees, and all delinquent taxes upon the property for 1931, 1932 and 1933, and costs of suit taxed at $23.15.

The cause is remanded to the district court with direction to modify the findings of fact, conclusions of law and decree by eliminating therefrom all reference to taxes and all requirements with respect thereto. The sixty day period of redemption shall begin to run from the date of entry of the modified decree. So modified the decree will be affirmed. No costs awarded.

Givens, C. J., and Budge, Holden and Ailshie, JJ., concur.