Argued September 13, decided September 26, 1911.

## WILDE v. OREGON TRUST & SAVINGS BANK.
## WISCHHUSEN v. DEVLIN.

[117 Pac. 807.]

BANKS AND BANKING—INSOLVENCY—INTERVENTION OF CREDITOR.

1. Where a creditor's claim against an insolvent bank has been approved, he is already in court, and need not petition for permission to intervene before attacking a liquidation agreement.

APPEAL AND ERROR—REVIEW—ABUSE OF DISCRETION.

2. Where a depositor in an insolvent bank had agreed to a liquidation agreement, whereby another bank took over the assets of the insolvent institution, upon making certain payments and transfers of stock, and the depositor stood by for more than three years without objection, the appellate court cannot, in the absence of a complete record as to the financial condition of the insolvent bank, hold that the trial court abused its discretion in dismissing the depositor's petition to set aside the agreement.

BANKS AND BANKING—INSOLVENCY—LIQUIDATION AGREEMENTS.

3. A depositor in an insolvent bank who consented to a liquidation agreement whereby another bank took over the assets of the insolvent institution cannot, at a later date, question its validity.

FRAUD—DECEPTION CONSTITUTING—FRAUDULENT REPRESENTATIONS.

4. Misrepresentations by the receiver of an insolvent bank as to the value of stock which the purchaser of the assets of the insolvent bank proposed to transfer to the depositors in satisfaction of their claims do not give rise to a cause of action for fraud where it is not shown that the party making them knew their falsity, or that they were made with intent to deceive, or that the party acting on the representations did not have equal facility for ascertaining the truth.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE MCBRIDE.

Petitioner, George D. Wischhusen, was a depositor in the Oregon Trust & Savings Bank. On August 21, 1907, at the suit of Louis J. Wilde, the bank was declared insolvent, and Thomas C. Devlin was appointed by the circuit court of Multnomah County as receiver of its assets and property. At this date petitioner had on deposit in the bank including interest, $3,209.59. On September 27, 1907, a number of the creditors of the bank, including petitioner, entered into an agreement with the German American Bank, of which Wilde was president, whereby

they agreed to accept certain bonds of the Home Telephone Company of Puget Sound, of Tacoma, Washington, and the Independent Telephone Company of Omaha, Nebraska, for a certain per cent of their claims against the Oregon Trust & Savings Bank, the German American Bank to pay the balance of the claims in cash. Thereafter the court made an order directing the receiver to sell and transfer all the assets of the Oregon Trust & Savings Bank to the German American Bank upon the condition that it should assume and pay the claims against the insolvent bank within two years. The assets were to be held by the receiver and turned over to the German American Bank only as required by it for the purposes of liquidating the debts of the insolvent bank. The conditions of the order are lengthy, and are not material to the questions raised on this appeal. The German American Bank proceeded with the liquidation until it had discharged about 85 per cent of the debts of the insolvent corporation, either by the substitution of bonds or securities, or by the payment of money, the amount so paid aggregating about $1,800,000, leaving about $60,000 of debts of the insolvent bank still unsatisfied when this petition was filed. The claim of petitioner against the insolvent bank was filed on September 28, 1907, and on March 11, 1910, the petitioner served a notice upon the receiver, notifying him that he had rescinded the contract of September 27, 1907, for the reason that he had been induced to enter into it by false representations as to the value of the bonds, and for the further reason that no bonds had been tendered to him, and demanding immediate payment of the amount of his deposit and interest. On the 20th of March, 1910, the petition here in question was filed in the circuit court, setting forth, among other matters, that the petitioner was induced to enter into the contract to take telephone stock by false representations made to him by Wilde, president of the

German American Bank, and Devlin, the receiver, to the effect that the Oregon Trust & Savings Bank was to be reorganized, and that the telephone bonds were as good as the money; that he would receive interest on the amount at five per cent per annum, payable semi-annually, instead of four per cent, which was the amount the insolvent bank had agreed to pay upon his deposit; that petitioner believed such representations to be true and relied upon them; that subsequently he found the representations to be absolutely false or untrue, and that the bonds were not worth more than one-half their face value; that petitioner has repeatedly demanded the money due him under the contract, and that no money had been paid him and no bonds tendered him. There was a prayer that he be permitted to intervene in the suit between Wilde and the insolvent bank, and that he be paid his claim in full and for further relief. An order was issued directing the defendants to show cause upon the petition, and upon a hearing it was dismissed. Petitioner appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. S. H. Gruber.*

For respondent there was a brief and an oral argument by *Mr. A. E. Clark.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The method of procedure adpoted by petitioner is in the main correct. There was no necessity for an order permitting him to intervene, because, as a creditor whose claim had been proved and accepted, he was already in court, and in a position to litigate any right or supposed right that he had in the premises. The receiver was the mere agent and officer of the court, and subject to its direction, and for any abuse or misuse of his delegated authority the orderly remedy was to petition the court,

as was done in the case at bar, pointing out the abuse and asking that it be corrected.

2. In examining into the merits of such petition, the court would naturally be required to take cognizance of all that had been done by it in the case, and having before it all the record, would decide whether there existed proper grounds for the relief demanded. As that record has not been brought here, we are unable to say whether or not the court abused its discretion in dismissing the proceeding.

3. The petition fails to state facts entitling petitioner to the relief demanded. It questions the authority of the receiver and the court to enter into the contract with the German American Bank, but petitioner, having been a party to that contract, is not in a position in this proceeding to question its validity.

4. Neither does the petition state facts sufficient to show any fraud on the part of Wilde or Devlin. It states that they represented to the petitioner that certain bonds were as good as money, and that he would get his money sooner by entering into the contract to take a part of it in bonds than by waiting for liquidation of the insolvent bank. He states that he afterwards discovered these representations to be false or untrue, but does not state that Wilde or Devlin knew them to have been untrue when they made them, or that they were made with intent to deceive him, or that his facilities for ascertaining their value were not as good as theirs, or that these representations were anything except mere opinions. He alleges that he has repeatedly demanded the money due him by virtue of the provisions of the contract, but does not allege that he has ever offered to perform the whole contract by accepting the bonds. He demands to be paid in full in cash when it appears that there are several thousand depositors who, so far as it appears, are as justly entitled to be paid as himself, and makes no showing as to how such a payment would affect them.

In the absence of the complete record of the circuit court in regard to the financial condition of the insolvent estate, and in view of the fact that the petitioner has stood by for more than three years and allowed the liquidation of the insolvent estate to proceed without interposing any objection, we decline to say that the circuit court abused its discretion in dismissing his petition. The decree is affirmed.                    AFFIRMED.