Argued December 15, decided December 23, 1913, rehearing denied January 13, 1914.

## McFARLAND v. CARLSBAD SANATORIUM CO.*

(137 Pac. 209.)

**Fraud—Actions—Pleading.**

1. In an action for damages for deceit, the complaint *held* to state a cause of action, though containing statements which did not constitute fraud and some indefinite allegations.

[As to actions to recover for false representations, see note in 18 Am. St. Rep. 555.]

**Fraud—Actions—Evidence.**

2. Evidence that the name of a defendant appears on the outside of a prospectus which appears to have been issued by a corporation as a director thereof does not sustain a cause of action against him for fraud in the prospectus, when there is nothing to connect him with its issuance or circulation.

[As to personal civil liability of officer or director to person injured by tort of corporation, see note in Ann. Cas. 1913D, 1058.]

**Fraud—Actions—Questions for Jury.**

3. Evidence that a defendant assisted in preparing a prospectus for a corporation containing fraudulent representations is sufficient to go to the jury as against such defendant.

[As to fraud as a question of law or fact, see note in 1 Ann. Cas. 446.]

**Fraud—Elements in General.**

4. An action of deceit cannot be maintained, unless the representations were false, and either known by the maker to be false or made recklessly as of his own knowledge, with the intent that they should

*As to whether statements made without knowledge of falsity constitute ground for action for fraud, see note in 18 L. R. A. (N. S.) 379.

Upon the liability of a corporate officer for misrepresentations which induced the sale or purchase of stock, see note in 1 L. R. A. (N. S.) 258.

And for the liability of a corporation for fraud of officer in issue of stock, see notes in 19 L. R. A. 331 and 41 L. R. A. (N. S.) 187.

                                    REPORTER.

be acted on by the party seeking relief, and such party believed them, acted upon them, and was injured.

**Corporations—Officers and Agents—Liability for Corporate Acts.**

5.   Where a corporation and one or more of its officers or agents have been guilty of fraud, both the corporation and such officers or agents are liable; but a director or other officer who had no part in making the representations is not liable.

From Multnomah: Henry E. McGinn, Judge.

This is an action by W. R. McFarland against the Carlsbad Hot Springs Sanatorium Company, a corporation, Edgar H. Thornton, J. K. Locke, Ernest Sommer, F. E. Foster, Oliver Gallup, J. F. Monte, J. W. Bruce, Geo. Woodnorth and F. A. Clark.  From a judgment in favor of plaintiff, all the defendants appeal, except F. A. Clark.  The facts are fully set forth in the opinion of the court.

Reversed With Directions: Rehearing Denied.

For appellants there was a brief over the names of *Mr. J. E. Magers* and *Messrs. Griffith, Leiter & Allen,* with oral arguments by *Mr. Magers* and *Mr. Rufus A. Leiter.*

For respondent there was a brief over the name of *Messrs. Jeffrey & Lenon,* with an oral argument by *Mr. Charles E. Lenon.*

Department 1.  Mr. Justice Ramsey delivered the opinion of the court.

1. The defendant, the Carlsbad Hot Springs Sanatorium Company, is a corporation.  The plaintiff, about March 22, 1911, purchased of the defendant company $2,000 in stock of said company, and paid said defendant company therefor $2,000.  This company was incorporated to build, equip and conduct a sanatorium at certain hot springs about two miles east of North Powder in Baker County, Oregon.

The complaint charges that the plaintiff was induced to buy said stock by false and fraudulent representations made by the defendants. The complaint is couched in turgid rhetoric, rarely equaled in judicial proceedings, and based, in part, on a prospectus printed and issued by the defendant company. On the back of said prospectus is a statement that said company is capitalized at $500,000, and that its stock is nonassessable. On the back of said pamphlet it is stated that Edgar H. Thornton, M. D., is president, F. E. Foster, vice-president, and J. F. Monte is secretary and treasurer of said company, and that the directors are Edgar H. Thornton, M. D., J. K. Locke, M. D., Ernest A. Sommers, M. D., F. A. Clark, F. E. Foster, Oliver Gallup, and J. F. Monte.

The complaint does not mention this pamphlet or prospectus. Divested of its tumid rhetoric, the complaint alleges, in substance, that the defendants falsely and fraudulently represented to the plaintiff, in order to induce him to buy the stock, that the defendant company was the owner of 101 acres of land two miles east of North Powder, Baker County, Oregon; that the same contained a number of mineral springs whose healing powers had been tested by analysis; that its healing powers had been proved by the experience of numerous invalids who had been restored to health by the use of the waters of said springs; that said lands contained much of the finest building granite in the world, and that it was easily and cheaply available for use in the cities of the northwest; that the curative properties of said mineral waters were already proven facts; that a stately, beautiful, fireproof sanatorium and hotel was already designed and in course of construction from native granite on said property, etc. The complaint alleges that the defendants, when they made said allegations, knew them to be false.

The *gist* of the complaint is that the defendants made various false and fraudulent representations to the defendant to induce him to purchase the stock, and that these representations were false, and that the defendants knew them to be false when they made them, and that he believed them to be true, and acted upon them, and bought the stock, and was damaged, etc.

Nearly all of the material allegations of the complaint were denied by the answer, in which all of the defendants joined, excepting F. A. Clark. The new matter of the answer was denied by the reply.

The complaint charges that all of the defendants made the said fraudulent representations, and it does not allege that either of the defendants was an officer or agent of the defendant company. There was no demurrer to the complaint, nor was any motion made to strike out any part thereof. While the complaint contains statements that do not constitute fraud, and others of its allegations are indefinite, we think that it states facts sufficient to constitute a cause of action.

After the plaintiff's evidence in chief was in, counsel for defendants made a motion for a judgment of nonsuit as to the defendant Ernest Sommers, and as to all of the defendants, on the ground that the plaintiff had not produced evidence sufficient to be submitted to the jury. These motions were denied.

The defendants assign various errors committed by the court, including the refusal of the court to grant the judgment of nonsuit and its refusal to instruct the jury to find a verdict for each of the defendants.

The motions for judgment of nonsuit and for instructed verdicts raise substantially the same question.

2. In this case there was no evidence whatever against the defendant Dr. Ernest Sommers. The plaintiff testifies that he does not know him, and that

Sommers never made any representations to him. A prospectus that appears to have been issued and circulated by the defendant company, and which is relied on, in part, by the plaintiff, has on the outside thereof the name of Dr. Sommers as a director of the defendant company; but there was no proof that he was a director, and there is nothing in evidence to connect him with the issuance or circulation of the said pamphlet. Then on the stand, as a witness, he stated he had nothing to do with said prospectus, and never saw a copy of it until it was shown to him at the trial.

3. As to the defendant company, the defendants Monte and Dr. Thornton, we think there was evidence sufficient to be submitted to the jury, although the evidence as to Dr. Thornton is very weak. However, he assisted in preparing the prospectus. The evidence is not strong as to either of the defendants.

As to the defendants Dr. Locke, F. E. Foster, Oliver Gallup, J. W. Bruce, F. A. Clark, and George Woodnorth, we find that there was not sufficient evidence to be submitted to the jury, or to support a verdict against either of them. It does not appear that either of them made any representations of a false or fraudulent character to the plaintiff.

A man named Campbell wrote the prospectus referred to, and it is not shown that either of these defendants participated in the issuing or circulation of this prospectus, or had knowledge of its contents or that it was being circulated. Mr. Monte seems to have circulated it; but there is little evidence as to its circulation. A copy of it was given to the plaintiff. The plaintiff talked with some of these defendants concerning the springs and property belonging to the defendant company; but he fails to testify to any representations made by either of them that would form the basis for an action for deceit. Nor is there any evidence that anything said by either of these

defendants was false, or that either of them knew it to be false.

4. In this state the rule is settled, by a long line of decisions, that an action of deceit, based on fraudulent representations, cannot be maintained, unless the representations were false, and either known by the person making them to be false or were made by him recklessly as of his own knowledge, without knowing whether they were true or not, with the intent that they should be acted on by the party seeking relief, and such party believed them to be true, and acted upon them, and was injured: *Bailey* v. *Frazier,* 62 Or. 142 (124 Pac. 643); *Anderson* v. *Adams,* 43 Or. 627 (74 Pac. 215); *Martin* v. *Eagle Development Co.,* 41 Or. 448 (69 Pac. 216); *Wilde* v. *Oregon T. & S. Bank,* 59 Or. 554 (117 Pac. 807); *Rolfes* v. *Russel,* 5 Or. 401, 402; *Smith* v. *Cox,* 9 Or. 327; *Britt* v. *Marks,* 20 Or. 223 (25 Pac. 636); *Cawston* v. *Sturgis,* 29 Or. 335 (43 Pac. 656).

In *Rolfes* v. *Russel,* 5 Or. 401, the court says:

"In fact, it is the old action on the case for deceit and sounds in tort. The *gist* of this class of actions being *fraud,* in order to maintain them it is necessary to aver and prove: (1) That the representations made were false; (2) that defendant *knew* them to be false; (3) that they were made with intent to defraud; and (4) that plaintiff, relying upon the representations was induced to enter into the contract."

In *Bailey* v. *Frazier,* 62 Or. 142 (124 Pac. 643), the court says:

"The plaintiff endeavors to avoid the effect of the quitclaim deed of himself and wife * * to the defendant by averring that the same was induced by fraud. It has often been laid down as a rule for pleading fraud in this state that the representations must have been false; that the defendant making them knew they were false; that they were made with the intent to

defraud; that the party seeking to be relieved from the fraud must have relied upon such representations.''

In *Wilde* v. *Oregon T. & S. Bank,* 59 Or. 554 (117 Pac. 807), the receiver of the bank had sold some bonds of the bank to the plaintiff, and the plaintiff sought relief on the ground of fraud. Passing on the case, the court says:

''Neither does the petition state facts sufficient to show any fraud on the part of Wilde or Devlin. It states that they represented to the petitioner that certain bonds were as good as money, and that he would get his money sooner by entering into the contract to take a part of it in bonds than by waiting for liquidation of the insolvent bank. He states that he afterward discovered these representations to be false or untrue, but does not state that Wilde or Devlin knew them to have been untrue when they made them, or that they were made with intent to deceive him.''

In *Anderson* v. *Adams,* 43 Or. 627 (74 Pac. 215), the court says:

''In an action of deceit, the plaintiff must set out in the complaint the representation, and allege the falsity thereof. * * To constitute a fraud by false representations, so as to entitle the plaintiff to relief, three things must concur: (1) There must be a knowingly false representation; (2) the plaintiff must have believed it to be true, relied thereon, and have been deceived thereby; and (3) that such representation was of a matter relating to the contract about which the representation was made, which, if true, would have been to the plaintiff's advantage, but, being false, caused him damage.''

5. The action of deceit lies only against the persons guilty of the fraud, and, where a corporation and one or more of its officers have been guilty of fraud, a

director or other officer of the company who had no part in making the fraudulent representations is not guilty of the fraud perpetrated by the company or the guilty officers.

Cook, Corporations (5 ed.), Section 158, says:

"The directors are not liable to an action of deceit by reason of the fraud of their agents, nor is an innocent director liable for the fraudulent representations of his codirectors, not even though the evidence of their fraud were entered on the corporation books; there being no general grounds for suspicion on his part. The directors of a bank are not personally liable in a common-law action of deceit for false statements as to the condition of the bank, unless it is shown that they knew the statements to be false."

Professor Pomeroy, in Section 881 of Volume 2 of his Equity Jurisprudence (3 ed.), says, *inter alia:*

"Relief against the directors personally requires a much stronger case of fraud than relief against the company. The purchase of shares may be set aside, and the purchaser relieved from his liability as a contributory, without any knowledge of the untruth on the part of those who issued the document. *Recovery from the directors personally requires knowledge of the untruth on their part,* or else that the statement should be made under such circumstances that knowledge will be imputed to them."

Discussing the liability of directors, Clark & Marshall, in Volume 3 of their work on Corporations, page 2264, says:

"*It is necessary,* of course, in order that a particular director or other officer may be held liable in these *and similar cases, that he shall have participated in the fraud. The fraud must be brought home to him individually.* Directors of a corporation are not personally liable for false representations made by

brokers employed on behalf of the corporation, not authorized or participated in by them.''

The syllabus of the case of *Mason* v. *Moore,* 73 Ohio St. 275 (76 N. E. 932, 4 Ann. Cas. 240, 4 L. R. A. (N. S.) 597), is:

''In an action against the directors of a national bank by one who purchases some of its stock, relying on the statements contained in its report to the comptroller of the currency as to its resources and liabilities, *which report was attested by the directors and published* as the statute directs, some of which statements are false, whereby the purchaser is damaged, it is not error for the court to charge the jury that: 'It must appear by a preponderance of the evidence that, at the time *of the attesting and publication of said report,* the directors so attesting this report, or who assented to and directed the publication of the same, did so knowing said report to be false, or under such circumstances as will warrant the jury in finding, by a preponderance of the evidence, that such director, or directors, by the exercise of ordinary care and prudence, would have known that said report was false in some one or more particulars set forth in the petition.' ''

In *Arthur* v. *Griswold,* 55 N. Y. 406, the court says:

''The mere fact of being a director and stockholder [of a corporation] is not *per se* sufficient to hold a party liable for the frauds and misrepresentations of the active managers of a corporation. Some knowledge of and participation in the act claimed to be fraudulent must be brought home to the person charged. * * The pamphlet or prospectus was, in fact, printed before the organization of the company, and was mainly prepared by one Remington, who was the active promoter and manager of the company; but that Mr. Corning had any connection with it or knowledge of its existence is not shown. Again, there is no

evidence that he knew that any of the statements contained in the pamphlet were false."

In *Movius* v. *Lee* (C. C.), 30 Fed. 306, 307, the court says:

"That a director is not liable for the faults or frauds of a codirector appears to be well recognized in New York. * * There is no case which has been cited or observed in which it has been decided that a director of a corporation was liable to make good a loss occasioned by the fraud or misconduct of a director, in which he had no part, and which was perpetrated without his connivance or knowledge."

In *Perry's Case*, 34 L. J. (N. S.) 716, Bacon, V. C., says:

"It is no part of the duties of a director to take part in every transaction which is conducted at a board meeting. His business or pleasure may call him elsewhere, and it would be a most unheard-of thing to say that, if anything wrong was done at a board meeting, he being named among the directors, but not present, he is liable for what was done in his absence."

Directors of corporations may be liable to the corporation or to persons interested therein for negligence; but the gravamen of this case is actual fraud, and hence no question of negligence is involved.

If a lawful agent of a corporation, acting within the scope of his authority, makes fraudulent representations orally or by printed pamphlets, by which another is injured, both the company and the agent may be liable in an action for deceit; but, in order to maintain an action for deceit against an officer or agent of a corporation, it is necessary to allege and prove that such officer or agent in some manner participated in the fraudulent representations.

In this case there is a failure to produce any legal evidence tending to prove that the defendants J. K.

Locke, Ernest Sommers, F. E. Foster, Oliver Gallup, J. W. Bruce, F. A. Clark, or George Woodnorth participated in any fraudulent representations alleged in the complaint, and hence the motions for nonsuit and for instructed verdicts should have been sustained, and the court below erred in not allowing them. The motion for a nonsuit and for an instructed verdict for the defendant company and the defendants Monte and Thornton were properly overruled. The judgment in this case is a joint one against all of the defendants, and it will have to be reversed.

The judgment of the court below is reversed, and a new trial is ordered as to the defendant company and the defendants Monte and Thornton; but as to all the other defendants this action should be dismissed by the court below, and this cause is remanded to the court below for further proceedings in accordance with this opinion.

REVERSED WITH DIRECTIONS: REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.