Argued November 13, 1917, modified January 8, rehearing denied March 19, 1918.

## STATE OF OREGON *v.* HYDE.

(169 Pac. 774)

**Public Lands—Cancellation of Deeds—Necessary Parties.**

1. Where deeds to the United States for school lands within a forest reservation filed as the basis of lieu land selections were never accepted by the General Land Office and the selections based on their surrender were not approved, a suit to cancel the deeds from the state for fraud could be determined without the presence of the United States as a party.

**Public Lands—Cancellation of Deeds—Evidence.**

2. In a suit to cancel deeds to school lands, evidence *held* to show that the applications to purchase such lands were fraudulent, in that the applicants were mere dummies.

**Public Lands—Cancellation of Deeds—Return of Consideration.**

3. Deeds to school lands within a forest reserve based on fraudulent applications were made to C., who deeded the land to the United States as the basis of lieu land selections and executed to W. Company a power of attorney under which it selected lieu lands in C.'s name which were conveyed to it in C.'s name. The deeds to the United States were never accepted and the selections were never approved. *Held,* that the W. Company had no interest in the school lands and no relation to a suit to cancel the state's deeds thereto entitling it to the consideration paid to the state for the land.

From Linn: WILLIAM GALLOWAY, Judge.

In Banc.

This is a suit brought to cancel deeds executed by the State of Oregon to 920 acres of state lands in Linn County. By stipulation of the parties 320 acres were eliminated from the suit. As to the remainder of the property the issues are substantially the same as in the suit brought in Crook County, which we have just decided. The defendants Hyde, F. A. Hyde & Company and Western Lumber Company demurred to the amended complaint on the ground, in part, that there was a defect of parties in that the United States was not joined as a defendant. These demurrers were overruled. The defendants Hyde, Western Lumber Company and C. W. Clarke Company thereupon answered. These answers are to the same purport as those filed by the same defendants in the Crook County suits.

The defendants A. S. Baldwin, Emma C. Baldwin, Philomen Clarke and F. A. Hyde & Company disclaimed.

The decree adjudged that plaintiff is the owner of the property in dispute, but charged plaintiff with the payment of $750 to the defendant Western Lumber Company, this being the sum the state had received for the six hundred acres involved. Plaintiff appeals from so much of the decree as charges it with the payment of this sum of money and the defendants Hyde, Western Lumber Company and C. W. Clarke Company appeal from the remainder of the decree. MODIFIED.

For appellant, State of Oregon, there was a brief with oral arguments by *Mr. George M. Brown,* Attor-

ney General, and *Mr. John O. Bailey,* Assistant Attorney General.

For respondents there was a brief and an oral argument by *Mr. A. C. Shaw.*

McCAMANT, J.—1. The evidence shows that the deeds were never accepted by the General Land Office nor were the selections based on their surrender approved. We are therefore in a position to determine this controversy without the presence of the United States as a party.

2. The applicants for the lands involved in this suit were Edward M. Wright and E. W. Powers. Mr. Powers was called as a witness. He testified that one of the agents of the defendant Hyde called at his home at Pioneer, Oregon, interviewed Mr. and Mrs. Powers and, in Mr. Powers' words, asked:

"If we had ever used our school right, and I told him we had not, and he said he was buying the rights of different ones to school land, and he asked us if we would sell ours, and I told him I would sell mine or give it to him, as far as that was concerned. I never figured on using it. And so we signed those papers and he gave us a dollar apiece, my wife a dollar and me a dollar."

He further testified:

"Q. Where were these papers signed?
"A. They were signed at my house at Pioneer.
"Q. Were those papers made out when you signed them?
"A. Well, sir, that question has been asked me by different ones, and I will tell you, I will not swear to the fact but it don't seem to me like there was any writing on those papers. * *

"A. I never read the papers. Never read anything on them. I don't remember if there was anything on them.

"Q. On how many different occasions did you sign these papers?

"A. Why, it was all the same day, the same morning or evening. It was in the morning that I signed the papers.

"Q. When did you get this dollar for signing these papers?

"A. Just as soon as I signed the papers.

"Q. Did you pay any money on the purchase price of this land?

"A. I did not.

"Q. Did your wife?

"A. No, sir, I don't think she did. I know she did not.

"Q. Did you know where the land was located?

"A. I do not.

"Q. Do you know the value of the land?

"A. I do not.

"Q. Do you know anything about the land?

"A. I do not.

"Q. You never saw it?

"A. No, sir.

"Q. What did you do with the papers after you signed them?

"A. I didn't do anything with the papers. I didn't have them in my possession."

It appears that Edward M. Wright was one of a number of applicants whom the defendant Schneider brought into the office of a notary public for the purpose of "selling their rights to purchase state lands." The notary testifies that Schneider gave them money for signing such papers as he produced. Schneider testifies that his applicants were dummies. The application of Wright under date of August 17, 1898, was followed by an assignment of the certificate of purchase executed under date of August 24, 1898. Hyde

subsequently wrote the name of C. W. Clarke in a blank space left in this assignment for the name of the grantee.

It sufficiently appears that both the applications with which we are concerned in this case were fraudulent.

3. The lower court conditioned the relief of the state on the payment to Western Lumber Company of $1.25 an acre for the six hundred acres involved in this suit. Western Lumber Company makes no claim to these six hundred acres of base lands. It claims that they were surrendered to the United States and that it is entitled to a corresponding acreage of selected lands. The state deeds to these lands ran to C. W. Clarke; Clarke deeded to the United States and executed a power of attorney under which the Western Lumber Company claims that other lands were selected in Clarke's name and conveyed in Clarke's name to it. The deeds to the United States were never accepted and the selections were never approved. On this state of facts we cannot see that Western Lumber Company has any interest in the base lands or any relation to this suit which entitles it to the moneys directed to be paid to it by the decree of the Circuit Court.

The other questions involved in this case are determined by the opinion handed down this day in the Crook County suit. Plaintiff's judgment for costs in both courts will run only against the defendants Hyde and C. W. Clarke Company. No judgment for costs will be given against the state.

The decree of the lower court is modified in the respects above pointed out.

Modified.   Rehearing Denied.