## PAIN v. KIEL et al.

(Circuit Court of Appeals, Eighth Circuit. March 16, 1923.)

No. 6194.

I. **Fraud** ⬢3—**Elements stated.**

Representations, to constitute sufficient basis for an action of deceit, must be fact statements; must be untrue, and known to be untrue, or else recklessly made; must be made with intent to deceive and for the purpose of inducing the other party to act; and the other party must rely thereon and be induced thereby to act to his injury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

2. **Fraud** ⬢9—**Letter held not to contain representations of facts.**

A statement in a letter by the secretary of a corporation engaged in promoting and soliciting funds for a Fourth of July celebration, written in reply to one from plaintiff soliciting an order for fireworks, that "we wish to keep our expenditure for the celebration within $10,000," held not a representation that the corporation had or was worth $10,000, which could be made the basis for an action of deceit.

3. **Corporations** ⬢30(5)—**Organizers of corporation for fraudulent purpose personally liable.**

Where a corporation is organized as part of a fraudulent scheme, courts should not hesitate to go behind the corporate screen and find the real parties, ignoring the corporate existence, if necessary to circumvent the fraud.

4. **Corporations** ⬢457—**Incorporated Nation's Birthday Association held to have power to make contract for fireworks.**

Rev. St. Mo. 1889, § 2832, provides that an educational association incorporated for the purposes of promoting historical studies or natural science, or establishing a museum, library, or art gallery, which may elect to incorporate such section in its articles of agreement, shall be as to its property a quasi trustee for the public, and it is made unlawful for such corporation to create or contract any debt. Held, that an association incorporated as a "Nation's Birthday Association," one of the purposes of which, as stated in its constitution, was the promotion of Fourth of July celebrations, which did not incorporate said section 2832 in its articles, was not bound by the limitation therein, and had power to contract for fireworks for such a celebration..

---

⬢For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Corporations** ⊜⊸447—**Have implied power to make contracts necessary to carry out purpose of organization.**

A corporation has implied power to make such contracts as are necessary to carry out the purposes of its organization.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action at law by Henry J. Pain against Henry W. Kiel and others. Judgment for defendants, and plaintiff brings error. Affirmed.

R. M. Nichols and Thomas D. Cannon, both of St. Louis, Mo., for plaintiff in error.

E. W. Banister, of St. Louis, Mo. (Carter, Nortoni & Jones, James Campbell, Henry S. Caulfield, George F. Haid, Nagel & Kirby, E. P. Griffin, Fordyce, Holliday & White, Jourdan, Rassieur & Pierce, Samuel H. Liberman, and William H. Davies, all of St. Louis, Mo., on the brief), for defendants in error.

Before STONE, LEWIS, and KENYON, Circuit Judges.

KENYON, Circuit Judge. Parties will be designated as in the trial court. Plaintiff brought action against defendants, charging that they were guilty of deceit and fraud in falsely and fraudulently representing that the Nation's Birthday Association, an association organized under the laws of Missouri, had the power to enter into a contract with plaintiff for the purchase of certain fireworks, and was possessed of funds and property in the amount of $10,000; that the credit of said Nation's Birthday Association was good, and that certain persons of respectability and standing, known to be financially responsible, were associated with it as members, and that they agreed to be responsible for the material and service furnished by plaintiff; that plaintiff relied on and knew not the falsity of these various representations, and on the strength thereof sold to defendants fireworks in the sum of $4,000. It is charged, also, that defendants used the name the "Nation's Birthday Association" in the transaction, but that in truth and in fact defendants were acting for themselves, through their agents, servants, and employees, and that the use of the name, the "Nation's Birthday Association," was merely a part of a fraudulent scheme. Judgment is asked for the sum of $4,485 and costs.

At the conclusion of plaintiff's testimony, demurrers were filed on the part of all defendants, and the court sustained them as to defendants Martin J. Collins, Festus J. Wade, Charles P. Senter, Wm. L. Niekamp, Herman J. Pettingill, George W. Simmons, Robert H. Stockton, J. Lionberger Davis, Breckenridge Jones, and the executors of the will of George Warren Brown, deceased. At the conclusion of all the testimony, the remaining defendants moved the court to instruct a verdict in their favor which motion was sustained by the court, and the jury thereupon, pursuant to the instructions of the court, returned a verdict in favor of the remaining defendants. The case is brought here upon assignments of error challenging the rulings upon the demurrer and the action of the court in instructing a verdict for defendants.

⊜⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The charge that representation was made to the plaintiff that any members of the association would be personally responsible for the fireworks or services in question, or that any of the defendants authorized Holtkamp, Doud, or Grundon to act for them, or that these parties attempted to represent any of the defendants, may be dismissed from consideration, as there is no evidence whatever to sustain them. We address ourselves therefore to the other questions.

Plaintiff's theory is: First, that the Nation's Birthday Association had no power to make the contract for the purchase of fireworks and incur indebtedness, that the act of purchase was itself a fraud, that defendants are liable personally for fraud and deceit, and the questions with relation thereto are for the jury under appropriate instructions; second, that there was misrepresentation as to the ability of the corporation to pay, and that the letter of June 12th, Exhibit B, from M. F. Doud, secretary, to O. E. Skiff, contains statements from which the implication arises that the corporation had $10,000 with which to pay for the celebration, when in fact it had not, and that defendants are liable for such false representations resulting in damage to plaintiff; third, that the defendants were merely a voluntary association, and hence the members were individually liable.

We discuss these theories in the inverse order of their presentation. It cannot be seriously claimed that any voluntary association was shown by the evidence. The association was incorporated under the Missouri Statutes. The charter was introduced in evidence. The letters from Doud to Skiff were signed as secretary and Skiff directed his letters to Doud as secretary. The contract was made with the corporation. The members of the finance committee, the evidence shows, were members of the corporation. The only theory whatever under which it could be claimed that the corporation was a mere voluntary association would be the one which we shall later discuss, as to whether or not the corporation was in fact a fraud, and if so, that the defendant members stood before the law as a mere association of individuals.

[1] The alleged false representations are contained in certain letters. Representations, to constitute sufficient basis for an action of deceit, must be fact statements; must be untrue, and known to be untrue, or else recklessly made; must be made with intent to deceive, and made for the purpose of inducing the other party to act; and the other party must rely thereon, and be induced thereby to act to his injury. 12 Ruling Case Law, § 10; Cooper and another v. Schlesinger and another, 111 U. S. 148, 4 Sup. Ct. 360, 28 L. Ed. 382; Ming v. Woolfolk, 116 U. S. 599, 6 Sup. Ct. 489, 29 L. Ed. 740; Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct. 771, 34 L. Ed. 246; Morris v. McMahan, 75 Mo. App. 494; McFarland v. Carlsbad Hot Springs Sanitarium Co. et al., 68 Or. 530, 137 Pac. 209, Ann. Cas. 1915C, 555.

[2] The particular letter relied on by plaintiff to show false representation is Exhibit B, of date June 12, 1916. This letter was in answer to one from Mr. O. E. Skiff, manager of plaintiff's Western branch, being Plaintiff's Exhibit G No. 2, in which letter Mr. Skiff inquires if he would like to entertain a proposition for a general exhibit. This seems to have been the commencement of the correspondence. Doud replies in the letter of June 12th, as follows (Exhibit B):

288 F.—34

"Nation's Birthday Association.

"Executive Committee:

| | |
|---|---|
| "C. W. Holtcamp. | Chas. R. Graves. |
| "Chas. F. Vogel. | William E. Caulfield. |
| "O. H. P. Grundon. | E. W. Banister. |
| "Rev. J. W. Lee, D. D. | Anthony Ittner. |
| "William Zachritz. | William T. Jones. |
| "M. F. Doud. | M. Hartman. |

"Mayor Henry W. Kiel.

"St. Louis, Mo.   June 12, 1916.

"Mr. O. E. Skiff, Mgr. Western Branch, Pain's Fireworks, 7 Delaware Bldg., Chicago, Ill.—Dear Sir: You may submit me proposition of fireworks display for the coming Fourth of July in this city, as suggested in your letter of the 10th inst., and would suggest that you make three propositions: One of $1,000, $2,000, and $3,000, respectively, and let me have at your earliest convenience. We wish to keep our expenditure for the celebration within $10,000, therefore will ask that you submit three propositions, as outlined.

"Very truly yours,          [Signed]   M. F. Doud, Secretary."

This is the letter which it is claimed contains misrepresentation. We are not satisfied that it does. The suggestion is made to Skiff that he make three propositions, followed with the statement: "We wish to keep our expenditure for the celebration within $10,000." There is no statement here that the association had $10,000, and in the circular letter sent out by the association, signed by Holtcamp and Wade, of June 10th, which Pain testifies he later saw, it is apparent that the association was soliciting funds to pay the expense of the celebration, and if the expenses were to be kept within $10,000, and they had $10,000, there would have been no need for the solicitation of the funds. So plaintiff, it seems to us, was cognizant of the method employed in raising the $10,000, and as plaintiff was submitting propositions, the highest of which involved only $3,000, there would be no necessity of the association having $10,000 to make him secure. This letter of June 12th, Exhibit B, was merely an explanation of what the association expected to do. It was signed by Doud, not as agent for defendants, but was signed as "Secretary." Certainly it was not sufficient basis for an action of deceit.

It is doubtful, also, under the evidence, if any reliance whatever was placed upon this letter. Credit apparently was given upon the strength of the names appearing upon the second sheet of Exhibit D. The evidence is not clear as to just when Pain saw the circular letter, Exhibit D, or the letter of June 12th from Doud to Skiff. In his testimony, when asked when he had seen the letter of June 12th, he states that it was sent to him in New York about the 18th or 20th of June; that he saw the circular letter containing the list of names about the same time in June—either the 20th, 21st, or the 22d. Later he says in his testimony that he did see this letter before he furnished the fireworks, and "there could be no hesitancy on my part in accepting a contract advanced by such fine men." The letter of Skiff to Doud of June 18, 1916, shows that plaintiff at this time had already shipped part of the fireworks to St. Louis. So that if it be a fact that he had not seen the letter of June 12th or the circular letter of June 10th until

June 20th, 21st, or 22d, it could not have been relied on, as a part of the fireworks had been shipped before that time.

We think it fairly appears, however, from the evidence that plaintiff's reliance was not on the letter of June 12th, but was on the list of names attached to Exhibit D, the circular letter of June 10th, signed by Charles W. Holtcamp, President, and Festus J. Wade, Chairman of the Finance Committee. In plaintiff's testimony he speaks of various names, which are found on the second sheet of Exhibit D and not on the letter heads. This letter was not written to plaintiff or his agent. It was in no wise intended to be a representation for him to act upon. If it imparted any information to him, it was that the association was raising the money by subscriptions. The view, however, which we take of the letter of June 12th from Doud to Skiff, that it did not contain such statements of fact as would be sufficient representations upon which to base an action of deceit, makes unnecessary the discussion of whether or not plaintiff relied on such statements.

The important question in this case arises from the charge of plaintiff that the Nation's Birthday Association had no power to make the contract, and that it was a fraudulent scheme of the defendants to shield themselves from liability; that plaintiff, not knowing this, was induced to enter into the contract; that, the corporation being a mere instrumentality for fraud, defendants are individually liable and constitute a mere association of individuals. Corporations are sometimes organized to act as a cloak for fraud and this is the charge here, and that charge is the real basis of plaintiff's case.

[3] There is a general doctrine of good faith in every business transaction, and if defendants did organize said corporation to escape personal liability upon purchases they intended to make, and induced plaintiff to enter into the contract, knowing that the corporation had no power to make it and that the same was void, such action would constitute a constructive fraud. Of course, a corporation is an entity, separate and distinct from its officers and stockholders; but, where a corporation is organized as part of a fraudulent scheme, courts should not hesitate to go behind the corporate screen and find the real parties, ignoring the corporate existence if necessary to circumvent the fraud. Cook on Corporations (6th Ed.) § 663; Donovan v. Purtell, 216 Ill. 629, 75 N. E. 334, 1 L. R. A. (N. S.) 176; McCaskill Co. v. U. S., 216 U. S. 504, 30 Sup. Ct. 386, 54 L. Ed. 590; Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 12 Sup. Ct. 239, 35 L. Ed. 1063; Morse on Banks & Banking (4th Ed.) § 128. A corporate entity is not so sacred as to be permitted to become an instrumentality of or a cloak for fraud.

Where a corporation is organized for such purposes courts are justified in regarding the corporation as a mere association of persons and hold the incorporators individually responsible. Where such charge, however, is made, serious as it is in its nature, the mere proof of incorporation cannot raise a presumption that the same was with fraudulent intent. There must be evidence to sustain the charge.

[4] In this case was the evidence sufficient to make the question one for the jury? Had the Nation's Birthday Association power to make

the contract with plaintiff and incur the debt? If it had, the charge of fraud falls and with its fall plaintiff's case fails. This leads to a consideration of article 10, chapter 42, Revised Statutes of Missouri of 1889, hereinbefore referred to, under which the Nation's Birthday Association was incorporated.

Sections 2821 and 2822 provide the manner of incorporation. Section 2825 provides that associations may be incorporated for educational and a large number of other designated purposes. Section 2827 provides for the duties of members and that they shall not be individually liable over and above dues and subscriptions. Section 2832 provides that where an association formed for educational purposes, as classified in section 2825 and as limited by section 2832, may elect to provide in its articles of agreement by incorporating this section therein, that such corporation shall be as to its property a quasi trustee for the public, and may take property real or personal in trust for the uses and purposes for which the corporation was formed, limiting the section to such association as may be formed for the purpose of promoting historical studies or natural science or establishing a museum, library, or art gallery, such educational and scientific purposes being for the public; and it is made unlawful for such corporation to create or contract any debt, and any attempt to create or contract any such debt or obligation is made ipso facto void.

It is plaintiff's contention that the purposes of the Nation's Birthday Association, as expressed in article 1 of its articles of incorporation, are entirely educational and could have no connection with business purposes of any kind, that the making of the contract for the fireworks was business, and that the corporation being entirely for educational purposes came under section 2832, and in making the contract it was transacting business, and hence the contract was absolutely void.

[5] There could be educational associations under article 10 that did not come under the limitations of section 2832. The mere fact that the articles of incorporation stated that the association should have no connection with any business purposes of any kind, and the further fact that it was an educational institution, do not bring it thereby under section 2832. Nor do we think the purchase of the fireworks for a Fourth of July celebration, which celebration is particularly referred to in article 1 of its constitution, is such business as is prohibited by that article. The article itself speaks in section 2 of "business for pecuniary profits," and that it is the evident intention of the act to prohibit. The corporation could not carry out its purposes unless it had implied power to make such agreements as were necessary therefor, and such power it had. 7 Ruling Case Law, § 582; Thompson on Corporations (2d Ed.) §§ 2101, 2105; 10 Cyc. p. 1098; State ex inf. Harvey et al. v. Missouri Athletic Club, 261 Mo. 576, 170 S. W. 904; 1 Cook on Corporations, § 3.

Section 2832 applies only where it is included in the articles of incorporation. Said section did not form a part of the articles of incorporation of the Nation's Birthday Association. Section 2832 narrows the sphere of educational associations classified under section 2825 to such associations as are formed for the purpose of promoting historical studies or natural science or establishing museums, libraries,

or an art gallery. This association would come under this section only if it be engaged in promoting historical studies. Some of the members of this court are of opinion that by virtue of this limitation the association is not within the purview of section 2832, and that the provisions thereof do not apply to it. We are, however, united in our conclusion that section 2832 not being incorporated in the articles of incorporation of the Nation's Birthday Association gives to the defendants no rights under said section; neither does it bind them by the restrictions therein imposed.

As the corporation had the power in carrying out the purposes of the organization to make the contract and purchase involved here, the question of fraud as to the organization of the corporation itself is eliminated. The trial court did not err in sustaining the demurrer as to certain defendants and instructing a verdict as to the others, and the judgment is affirmed.