Argued April 3, modified May 22, 1928.

# EDWARD KJENSBEK v. THE CHARITY BOARD OF LUTHERAN BROTHERHOOD ET AL.

(267 Pac. 521.)

Gifts — Maker Could Recall Notes, of Which Payee Never Obtained Possession, Regardless of Fraudulent Representations by Person Procuring Execution.

1. Where corporation, named as payee, never obtained possession of notes, which were never delivered to it or any of its agents, maker had right to recall them and revoke gift of amount thereof, regardless of alleged fraudulent representations by persons procuring execution of notes.

Cancellation of Instruments—Fraud—Gifts—Payee, Never Accepting Notes, Which were Never Delivered to It, Held Without Interest, and not Necessary Party to Suit for Cancellation and Damages for Fraudulently Procuring Execution.

2. Where notes were never accepted nor delivered to corporation named therein as payee, it had no interest therein, and was not a necessary party defendant in suit to cancel notes and recover damages for fraudulent representations by person procuring execution thereof.

Fraud — Judgment for Damages must be Reversed as to Defendants not Shown to have Made False Representations.

3. Judgment for damages against directors and officers of corporation, organized after execution of notes to another corporation, for which one of such officers falsely represented that they were acting, must be reversed as to other officers not shown to have made any false representations to plaintiff.

---

Cancellation of Instruments, 9 C. J., p. 1255, n. 4.
Gifts, 28 C. J., p. 626, n. 2, p. 627, n. 34, p. 629, n. 46, p. 630, n. 66, p. 643, n. 85, p. 647, n. 48, p. 651, n. 78, p. 652, n. 95.

---

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

The plaintiff brings this suit to cancel two promissory notes for $500 and $1,000 respectively, maturing on or about July 1, 1924, made by him to defendant

---

1. See 12 R. C. L. 932.

The Lutheran Brotherhood of America, Trustee, for the benefit of the Severson Memorial Home for the Aged. Defendant The Lutheran Brotherhood of America, the payee named in the notes, is an Iowa corporation and has no offices or agencies within the State of Oregon. Defendant The Lutheran Brotherhood of Oregon is an Oregon corporation. Neither of these defendants was served with process, and neither appeared in this cause in the court below. Defendant The Charity Board of Lutheran Brotherhood is an Oregon corporation, but was organized as such subsequent to the execution of the notes involved herein, and was, at the time the notes were executed, an association, the defendants Overt Skilbred, S. P. Ness and Lloyd Martin being members thereof.

From a decree canceling the notes and awarding plaintiff judgment for $150, with interest, defendants S. P. Ness, Lloyd Martin and Overt Skilbred appeal.

                           MODIFIED.

For appellants there was a brief over the names of *Mr. Donald Young* and *Mr. S. P. Ness,* with an oral argument by *Mr. Young.*

For respondent there was a brief over the name of *Messrs. Potter & King,* with an oral argument by *Mr. James K. King.*

BROWN, J.—The theory of the complaint is that this plaintiff was induced to execute the promissory notes by defendant Overt Skilbred, who falsely pretended to plaintiff that he was representing The Lutheran Brotherhood of America, which corporation was, according to Skilbred's representations, acting as trustee for the Severson Memorial Home for the

Aged, and would be in active control of its construction and management, while, in truth, The Lutheran Brotherhood of America was not the trustee, nor had it ever consented to act as trustee, for that Home, and defendant Skilbred, with his co-defendants, S. P. Ness and Lloyd Martin, was acting, not for The Lutheran Brotherhood of America, but for the association which was thereafter incorporated as The Charity Board of Lutheran Brotherhood, of which corporation these defendants were and are directors and officers.

After hearing the contradictory evidence of the witnesses, the lower court found that defendants Skilbred, Ness and Martin were members of The Charity Board of Lutheran Brotherhood before its incorporation, and that, at the time of its incorporation, and continuing down to the date of the trial, they were directors and officers of that corporation. The court further found that Skilbred falsely represented to this plaintiff that he (Skilbred) was authorized by The Lutheran Brotherhood of America to solicit and receive into his possession funds and subscriptions for the Severson Memorial Home for the Aged, in the name of The Lutheran Brotherhood of America, and that he was the agent of that corporation for such purpose, and that the plaintiff, relying upon such false representations, executed the two promissory notes involved in this suit.

1. After carefully reading the record and examining the exhibits, we are in full accord with the findings noted. Furthermore, we believe that the plaintiff had a right to recall the notes and revoke the gift, regardless of the alleged fraudulent representations. The payee named in the notes had never obtained possession thereof, nor were the notes ever delivered to the payee or to any of its agents.

In the case of *Grignon* v. *Shope,* 100 Or. 611 (197 Pac. 317), this court, speaking through Mr. Justice BEAN, wrote, at page 616:

"The essential elements of a gift *inter vivos* are, (1) a donor competent to contract; (2) freedom of will of donor; (3) the gift must be complete and nothing left undone; (4) the property must be delivered by the donor and accepted by the donee; (5) the gift must go into immediate and absolute effect. * *

"To make a valid and effective gift *inter vivos,* there must be an intention to transfer title to the property, as well as the delivery by the donor and acceptance by the donee."

2. The defendants urge with earnestness that there is a defect of parties defendant. This is error. The notes, as we have shown, were never accepted by, or delivered to, The Lutheran Brotherhood of America. It had no interest in the notes. Cases directly in point are *State* v. *Hyde,* 88 Or. 1 (169 Pac. 757, 171 Pac. 582, Ann. Cas. 1918E, 688) ; *State* v. *Hyde,* 88 Or. 61 (169 Pac. 774). In each of these cases it was asserted that this court was not in a position to settle the controversy without presence of the United States as a party litigant. In the latter case that contention was put at rest by the court, speaking through Mr. Justice McCAMANT in language following:

"The evidence shows that the deeds were never accepted by the General Land Office, nor were the selections based on their surrender approved. We are therefore in a position to determine this controversy without the presence of the United States as a party."

3. The evidence fails to prove that defendants S. P. Ness and Lloyd Martin, or either of them, made any false representations to the plaintiff. Therefore, the judgment for $150 and interest will be reversed as to

them: *McFarland* v. *Carlsbad Sanitorium Co.*, 68 Or. 530 (137 Pac. 209, Ann. Cas. 1915C, 555). Otherwise the decree appealed from is affirmed.      MODIFIED. Neither party will recover costs in this court.

RAND, C. J., and BEAN and BELT, JJ., concur.